IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER, )
 ) Case No. 1:09-cv-124-SJM-SPB
      Plaintiff, )
v. )
 )
LANCE COURTIER, *et al.*, )
 )
      Defendants. )

## MEMORANDUM ORDER

Plaintiff Ravanna Spencer commenced this civil rights action on June 1, 2009, naming as Defendants numerous individuals employed by the Pennsylvania Department of Corrections at SCI-Albion and SCI-Camp Hill, where Plaintiff was formerly incarcerated. Plaintiff alleged in his complaint that these DOC officials violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution based on the conditions of his confinement at both SCI-Albion and SCI-Camp Hill. Plaintiff also asserted a claim against the chief psychologist at SCI-Camp Hill, Eugene Polmueller, M.D., for alleged deliberate indifference to his serious mental health needs during Plaintiff's confinement at that institution. In addition, Plaintiff alleged that the Defendants violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*, and Pennsylvania's Mental Health Procedures Act, 50 Pa. C.S. A. § 7101 *et seq.*.

On February 15, 2010, the Magistrate Judge issued a Report and Recommendation [32] wherein she opined that the motions filed by the DOC Defendants and Defendant Polmueller to

1

dismiss Plaintiff's claims under 42 U.S.C. § 1983 and the MHPA should each be granted in part and denied in part. (*See* R&R dated 2/15/10 [32] at pp. 26-27.) In addition, the Magistrate Judge separately considered the viability of the Plaintiff's ADA and Rehabilitation Act claims pursuant to her authority under the Prison Litigation Reform Act, 28 U.S.C.A. § 1915A. The Magistrate Judge recommended that the latter two claims be dismissed *sua sponte*, on the grounds that those statutes do not authorize any claims against individual Defendants who are sued in their official capacities. (*Id.* at pp. 24-26, 27.)

On March 18, 2010, this Court issued a Memorandum Order [34] in which it adopted, in part, the Magistrate Judge's Report and Recommendation. The Court ruled that the motions filed by the DOC Defendants and Defendant Polmueller relative to the Plaintiff's constitutional and Pennsylvania MHPA claims each be granted in part and denied in part. However, the Court's Order inadvertently failed to address the Magistrate Judge's Report and Recommendation insofar as it related to the Plaintiff's ADA and Rehabilitation Act claims.

Plaintiff, having apparently construed my March 18, 2010 Memorandum Order as a dismissal of his ADA and Rehabilitation Act claims, has now filed a motion for reconsideration on that point. He contends that the Court erred in failing to construe his official capacity claims against the named individuals as claims against the State. Since the Supreme Court has ruled that, in certain circumstances, state prisons may be sued under Title II of the ADA, *see Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 209 (1998) (Title II of the ADA covers state prisons and their prisoners), and *United States v. Georgia*, 546 U.S. 151, 159 (2006) ("[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the states for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates

state sovereign immunity.") (emphasis in the original), Plaintiff reasons that his official capacity claims should be construed as claims against the Pennsylvania Department of Corrections and allowed to proceed.

This position appears to have possible merit. Our circuit court of appeals has recognized that "[o]fficial capacity suits are an alternative way to plead actions against entities for which an officer is an agent." *Koslow v. Commonwealth of Pennsylvania,* 302 F.3d 161, 178 (3d Cir. 2002) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). Furthermore, the *Yeskey* decision, noted above, held that state prisons are within the entities subject to coverage under Title II of the ADA. To the extent a Title II ADA claim is premised upon alleged conduct which, if proved, would constitute an actual violation of the Fourteenth Amendment, the Supreme Court's ruling in *United States v. Georgia*, *supra*, recognizes the validity of Congress' abrogation of Eleventh Amendment immunity relative to Title II of the ADA.

Here, Plaintiff has alleged violations of his Fourteenth Amendment rights by virtue of Eighth Amendment violations allegedly committed by various state officials acting within the scope of their employment at SCI-Albion and SCI-Camp Hill.[1] This Court has ruled that, at least for now, certain aspects of these claims can proceed past the Rule 12(b) dismissal stage. Since it appears that Plaintiff's ADA claims are premised upon this same alleged conduct, it may well be true that Plaintiff can viably assert claims for monetary relief against the remaining individuals in their official capacities under Title II of the ADA. Without definitively deciding this point, I note that some courts within this circuit appear to take this view. *See, e.g., George v.*

---

[1] It is well-established that the Eighth Amendment's prohibition against cruel and unusual punishment is made applicable to the States by the Due Process Clause of the Fourteenth Amendment. *See Graham v. Florida*, 130 S. Ct. 2011, 2018 (2010); *Robinson v. California*, 370 U.S. 660 (1962).

*Pennsylvania Dept. of Corrections*, Civil No. 3:CV-09-1202, 2010 WL 936778 at *7 (M.D. Pa. March 11, 2010) ("Under Title II of the ADA, plaintiffs may not sue individual defendants in their personal capacities, but must instead sue the state, state entities, or defendants in their official capacities*.");* claims lodged against defendants in their official capacities could proceed if plaintiff could satisfy the requirements of an ADA claim); *Lopez v. Beard*, No.3:08-cv-120-KRG-KAP, 2008 WL 3887627 at *3 (W.D. Pa. Aug. 1, 2008) ("As for money damages claims under Title II of the ADA against defendants in their official capacities (i.e. against the Pennsylvania Department of Corrections), Congress can impose liability for damages on a state or state agency for violations of Title II that are also violations of the Fourteenth Amendment, ... as well as for a class of conduct broader than that which violates the Fourteenth Amendment, but only where it is determined on a case by case basis that such additional imposition of liability is an appropriate, congruent, and proportional means of remedying or preventing actual violations of the Fourteenth Amendment.") (Report and Recommendation) (Pesto, M.J.) (internal and end citations omitted).

In her Report and Recommendation, the Magistrate Judge cited *Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002), for the proposition that individual Defendants are not "public entities" for purposes of the ADA and, thus, are not subject to liability under the Act. I note, however, that *Emerson* involved claims brought under Title III of the ADA, and the specific holding in that case was that certain individuals associated with Thiel College could not be liable for purposes of Title III because they did not "own, lease, or operate" the College, a place of public accommodation. *See* 296 F.3d at 189. The language at issue is unique to Title III of the ADA. The Court in *Emerson* went on to note that this result "comports with decisions of other

courts of appeals holding that individuals are not liable under Title I and II of the ADA," *id.* (citing authority), but it appears that the Court of Appeals was likely referring to suits which are brought against individuals in their personal capacities, which seems to have been the situation involved in *Emerson*. In short, I do not read *Emerson* as holding that individuals may never be sued for money damages in their official capacities under Title II of the ADA; however, to the extent such a proposition is fairly derived from the *Emerson* decision, its vitality must be questioned in light of the Supreme Court's subsequent ruling in *United States v. Georgia, supra*.[2]

Similarly, it is not clear at this juncture that the Plaintiff's official capacity claims under the Rehabilitation Act are improper. Once again, without definitively deciding the point, I simply note that there appears to be some authority supporting the viability of such claims. *See, e.g., Thomas v. Pennsylvania Dep't of Corrections*, Civil Action No. 07-40J, 2008 WL 68628 at *5 (W.D. Pa. Jan. 4, 2008) (allowing claims against defendants in their official capacities under the Rehabilitation Act to proceed) (citing authorities). *Accord Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 165, 167 (3d Cir. 2002) (holding that the Commonwealth's acceptance of federal funds operates as a voluntary waiver of Eleventh Amendment immunity from individuals' suits under the Rehabilitation Act against a state department or agency

---

[2] The Magistrate Judge also relied on *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002), as suggesting that the Plaintiff's only remedy under the ADA would be to seek prospective injunctive relief against the DOC Defendants in their official capacities. Notably, however, *Koslow* involved a claim under Title I of the ADA. There is a critical difference between these two titles: the Supreme Court has held that Title I of the ADA did not validly abrogate Eleventh Amendment immunity, *see Board of Trustees v. Garrett*, 531 U.S. 356, 374 (2001); however, the Court has specifically upheld, at least to a limited degree, Congress' abrogation of Eleventh Amendment immunity with respect to Title II. *See United States v. Georgia, supra*. Thus, while an official capacity suit against a state official for money damages would be inappropriate under Title I of the ADA, such a suit would presumably be appropriate under Title II when the circumstances would permit suit against the State itself, as in the situation outlined in *United States v. Georgia, supra.*

receiving those funds); *Shepard v. Irving*, 77 Fed. Appx. 615, 619 and n.3 (4th Cir. 2003) (plaintiff could seek damages and injunctive relief against university officials in their official capacities under § 504 of the Rehabilitation Act since university had waived Eleventh Amendment immunity by accepting federal financial assistance and official capacity suit would be treated like a suit against the state entity itself).[3]

For present purposes, I need not definitively resolve these issues. In point of fact, this Court never formally adopted that portion of the Report & Recommendation which dismissed the ADA and Rehabilitation Act claims. Accordingly, there is no need to overturn or reconsider my prior Memorandum Order on this point. As matters presently stand, the ADA and Rehabilitation Act claims remain part of the case and the parties may proceed accordingly. In light of the foregoing, the following order is entered:

AND NOW, *to wit*, this 17th Day of December, 2010;

Upon consideration of the Plaintiff's Motion for Reconsideration Under Rule 606(b) [42], IT IS ORDERED for the reasons set forth above that said motion be, and hereby is, DENIED as moot inasmuch as the Court's Memorandum Order of March 18, 2010 [34] did not formally adopt the portion of the Magistrate Judge's February 15, 2010 Report and Recommendation [32] dismissing Plaintiff's claims under Title II of the ADA and the Rehabilitation Act and, therefore, Plaintiff is presently free to pursue those claims. The Court will address the viability

---

[3] Although the Magistrate Judge relied on *Taylor v. Altoona Area School District*, 513 F. Supp. 2d 540, 556 (W.D. Pa. 2007), for the proposition that individuals cannot be held liable under the Rehabilitation Act, that case and the authority cited within it appear to be concerned with claims brought against individuals in their personal capacities, not their official capacities.

of the Plaintiff's ADA and Rehabilitation Act claims at a later time, if and when it becomes appropriate to do so.

                                              s/      <u>Sean J. McLaughlin</u>
                                                          SEAN J. McLAUGHLIN
                                                          United States District Judge

cc:     United States Magistrate Judge Baxter
          All parties of record.